UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| Philip A. Bonnie<br>　　Plaintiff<br><br>v.<br><br>Equifax Information Services, LLC<br>Trans Union, LLC<br>Experian Information Solutions, Inc.<br>Lanier Collection Agency And Service, Inc.<br>Profit Services Group, LLC<br>R&B Corporation of Virginia DBA Credit Control<br>Commonwealth Financial Systems, Inc<br>Enhanced Recovery Co<br>Collecto, Inc DBA EOS-CCA<br>Verizon Virginia, Inc.<br>　　　Defendants | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | **3:20-cv-00553-DJN**<br><br>**JURY DEMANDED** |

## COMPLAINT

Mr. Bonnie, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1.　　This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

# JURISDICTION, VENUE and JURY DEMAND

2. This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4. The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

12. Experian Information Solutions, Inc. (hereinafter "Experian") is a corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

13. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14. Commonwealth Financial Systems, Inc. (hereinafter "CFS") is a company headquartered in Pennsylvania, NOT registered with the Virginia State Corporation Commission.

15. Upon information and belief, CFS is a furnisher of information to Equifax, TranUnion and Experian.

16. Collecto, Inc. DBA EOS-CCA (hereinafter "Collecto") is a company headquartered in Massachusetts, registered with the Virginia State Corporation Commission.

17. Upon information and belief, Collecto is a furnisher of information to Equifax, TranUnion and Experian.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

18. Lanier Collection Agency and Service, Inc. (hereinafter "Lanier") is a company headquartered in Georgia, NOT registered with the Virginia State Corporation Commission.

19. Upon information and belief, Lanier is a furnisher of information to Equifax, TranUnion and Experian.

20. Profit Services Group, LLC (hereinafter "PSG") is a company headquartered in Georgia, NOT registered with the Virginia State Corporation Commission.

21. Upon information and belief, PSG is a furnisher of information to Equifax, TranUnion and Experian.

22. Verizon Virginia Inc. (hereinafter "Verizon") is a company headquartered in Virginia, registered with the Virginia State Corporation Commission.

23. Upon information and belief, Verizon is a furnisher of information to Equifax, TranUnion and Experian.

## FACTS

24. Plaintiff is a service connected disabled US Marine who served with honor and distinction in the both Iraq and Afghanistan. During his time serving in the US Marines, plaintiff was blown up by IEDs no less than 3 times and subjected to attacks by hostile enemies armed with everything from rifles to rocket propelled grenades. Plaintiff served from 2005 until 2008, when he was medically retired, and received an honorable discharge.

25. Plaintiff is a service connected 100% disabled US Marine.

26. Plaintiff was out of the country from 2015 until 2019.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

27. During the time plaintiff was out of the country, some unknown person opened a Verizon account. Plaintiff did not incur this debt. On information and belief, the account was opened for a Verizon Wireless account. The unknown person used the account for personal or household purposes.

28. Because plaintiff is a service connected disabled US Marine veteran, any and all medical expenses are paid for and properly billed to the Veterans Administration ("The V.A.").

29. During some of plaintiff's trips home, plaintiff incurred medical bills in a number of places, including but not limited to Atlanta, GA; Norfolk, VA,; and Virginia Beach, VA.

30. Each of the medical expenses either was or should have been paid by or billed to The Veterans Administration.

31. Plaintiff began shopping for new house in the US in the fall of 2019.  During the course of investigating, the plaintiff noticed that there were medical bills with Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon on his credit files.

32. Plaintiff disputed the debts to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, in December 2019.

33. On information and belief, Equifax failed to forwarded all the relevant information to Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon or failed to do so.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

34. On information and belief, TransUnion forwarded all the relevant information to Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon or failed to do so.

35. On information and belief, Equifax forwarded all the relevant information to Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon or failed to do so.

36. On information and belief, Equifax failed to have a procedure to assure maximum possible accuracy by allowing accounts that were not plaintiffs or not owed by plaintiff to remain on the credit file of plaintiff.

37. On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing accounts that were not plaintiffs or not owed by plaintiff to remain on the credit file of plaintiff.

38. On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing accounts that were not plaintiffs or not owed by plaintiff to remain on the credit file of plaintiff.

39. On information and belief, upon receipt of the dispute from Equifax, Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon verified that the money was owed, and failed to conduct a reasonable reinvestigation of the account.

40. On information and belief, upon receipt of the dispute from TransUnion, Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon verified that the money was owed, and failed to conduct a reasonable reinvestigation of the account.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

41. On information and belief, upon receipt of the dispute from Experian, Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon verified that the money was owed, and failed to conduct a reasonable reinvestigation of the account.

42. On information and belief, Equifax conducted no investigation of their own, and parroted the information provided by Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon.

43. On information and belief, TransUnion conducted no investigation of their own, and parroted the information provided by Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon.

44. On information and belief, Experian conducted no investigation of their own, and parroted the information provided by Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon.

45. On information and belief, Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account in question was not owed by plaintiff.

46. On information and belief, Lanier, Profit, Credit Control, Commonwealth Financial, Enhanced Recovery, Collecto, and Verizon has failed to modify or delete the false information as, if they had done so, they would have deleted the false information to show that the account was not owed.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)


47. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit and being chilled from applying for credit.

## COUNT ONE:
## CLAIM FOR RELIEF
### AS TO LANIER, PROFIT, CREDIT CONTROL, COMMONWEALTH FINANCIAL, ENHANCED RECOVERY, COLLECTO, AND VERIZON
### 15 U.S.C. §1681s-2[b]

48. Plaintiff restates and re-alleges all previous paragraphs herein.

49. Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

50. Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

51. Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

52. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

53. Defendants have done so either negligently or willfully.

54. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

55. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT TWO
CLAIM FOR RELIEF As to Equifax, TransUnion and Experian
15 U.S.C. §1681e[b]

56. Plaintiff restates and realleges all previous paragraphs herein.

57. Defendants have violated 15 U.S.C. §1681e[b] in that they failed to maintain a procedure to assure maximum possible accuracy.

58. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

59. Defendants have done so either negligently or willfully.

60. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

61. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT THREE
CLAIM FOR RELIEF As to Equifax, TransUnion.
15 U.S.C. §1681i[a]

62. Plaintiff restates and realleges all previous paragraphs herein.

63. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in the plaintiff's credit file.

64. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

65. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

66. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

67. Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

68. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

69. Defendants have done so either negligently or willfully.

70. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

71. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Philip A. Bonnie

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Philip Bonnie.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)